IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MELISSA M.,[1]

      Plaintiff,

v.                                                        Civ. No. 25-99 SCY

FRANK BISIGNANO,
Commissioner of Social Security,

      Defendant.

**MEMORANDUM OPINION AND ORDER GRANTING REMAND AND
DENYING REQUEST FOR AN AWARD OF BENEFITS**

Confessing error in the Administrative Law Judge's ("ALJ") decision below, the Commissioner moves for a voluntary remand in this case for another ALJ adjudication of Plaintiff's claim for disability insurance benefits under the Social Security Act, 42 U.S.C. §§ 401-434. Doc. 19. In the motion, the Commissioner advises that Plaintiff does not oppose remand, but requests that instead of a rehearing, the Court award benefits outright. Doc. 19 at 1. Plaintiff did not file a response to the Commissioner's Motion to Remand, but filed a notice of briefing complete indicating that she does not intend to file a response. Doc. 23. Instead, she refers the Court to Plaintiff's arguments for an award of benefits that were presented in her opening brief. *Id.*; *see* Doc. 15 (Plaintiff's motion to remand and request for benefits).

"When a decision of the Secretary is reversed on appeal, it is within this court's discretion to remand either for further administrative proceedings or for an immediate award of benefits." *Ragland v. Shalala*, 992 F.2d 1056, 1060 (10th Cir. 1993). In deciding which remedy

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party or parties in this case. Where applicable, this opinion uses the same designation for a non-governmental party's immediate family member.

is appropriate, the court must consider "the length of time the matter has been pending and whether or not given the available evidence, remand for additional factfinding would serve any useful purpose but would merely delay the receipt of benefits." *Salazar v. Barnhart*, 468 F.3d 615, 626 (10th Cir. 2006) (internal citations and quotation marks omitted).

Plaintiff filed an application for disability insurance benefits on September 25, 2015. Doc. 15 at 2. After a hearing, an ALJ denied the application, and the Appeals Council denied review. AR 136. Plaintiff appealed to the District Court, and in his Proposed Finings and Recommended Disposition issued January 25, 2022, Magistrate Judge Kevin R. Sweazea recommended remand to the ALJ to issue a new decision that (1) expressly discussed the underlying medical impairments of chronic pain syndrome pain disorder, and (2) correctly evaluated the intensity and persistence of Plaintiff's pain considering the relevant factors under the proper legal standard. AR 612. District Judge William P. Johnson adopted this recommendation and entered final judgment in favor of Plaintiff on February 22, 2022. AR 629-30.

On remand, the ALJ issued a partially favorable decision finding that Plaintiff was disabled as of March 31, 2023, entitling her to Title XVI but not to Title II benefits. AR 549-66. Plaintiff requested review by the Appeals Council, which declined jurisdiction. AR 542. Plaintiff again appealed to this Court, arguing that the ALJ erred by failing to follow Judge Sweazea's instructions to expressly discuss Plaintiff's chronic pain syndrome as a separate medically determinable impairment and to properly evaluate it under the relevant legal standard. Doc. 15 at 20-24.

Because the Commissioner voluntarily moved for remand and rehearing, the Court assumes without deciding that Plaintiff is correct that the ALJ did not follow Judge Sweazea's

instructions. The Court therefore agrees with Plaintiff that the length of time this application has been pending (ten years) and the repeated errors are factors that weigh in favor of an outright award of benefits. However, Plaintiff does not demonstrate that further factfinding by the ALJ is unwarranted.

The errors Plaintiff argues on appeal are articulation errors. Doc. 15 at 22 ("The ALJ failed to adequately evaluate the claimant's chronic pain syndrome as a distinct impairment from neurofibromatosis, contrary to the remand instructions."); *id.* at 23 ("the ALJ failed to articulate how [Plaintiff]'s psychological factors influenced her experience of pain disorder"); *id.* ("Concerning [Plaintiff]'s daily activities, the ALJ included one paragraph, which failed to mention the difficulties that this Court specifically mentioned."). The Court is disinclined to issue an immediate award of benefits based on an articulation error—even a repeated one. Such a procedural error does not appear to pertain to the grounds the Tenth Circuit requires for an award of benefits. That is because the Tenth Circuit's standard asks whether, "*given the available evidence*, remand for additional factfinding would serve any useful purpose." *Salazar*, 468 F.3d at 626. An error that does not relate to "the available evidence" does not appear to satisfy this standard. In short, Judge Sweazea's instructions to the ALJ were to properly discuss Plaintiff's chronic pain syndrome. The Commissioner appears to concede that the ALJ did not properly discuss it. This is grounds for another hearing, rather than a finding that further proceedings would serve no useful purpose.

The Court is sympathetic to the delays and burdens on Plaintiff caused by the lengthy disability application process. However, the Court cannot find that this alone justifies an award of disability benefits. Therefore, the Court grants the Commissioner's motion to remand the case for a rehearing.

3

Regarding the favorable portion of the decision below, the Commissioner requests that the Court refrain from including any instructions about reopening that portion of the decision. Doc. 19 at 7-8. Plaintiff did not file any objections to this request. *See* Doc. 23 (Plaintiff's notice of completion of briefing, indicating that Plaintiff will not file a response to the Commissioner's motion for voluntary remand). Therefore, the Court will grant the Commissioner's request not to include any instructions on this topic.

## CONCLUSION

The Commissioner's Opposed Motion For Remand To Agency Pursuant To Sentence Four Of 42 U.S.C. § 405(g), Doc. 19, is GRANTED. Plaintiff's Motion To Reverse And Memorandum Brief, Doc. 15, is DENIED AS MOOT insofar as it requests reversal of the decision below, and DENIED insofar as it requests the payment of immediate benefits. The Court reverses and remand this case to the Commissioner for further administrative proceedings.

                                            _____
                                            **STEVEN C. YARBROUGH**
                                            **United States Magistrate Judge**
                                            **Presiding by consent**